UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WILLIAM ACTKINS, et al.,**
    **Plaintiffs,**

   v.                                       Case No. 07C0590

**JOHN HELDING, et al.,**
    **Defendants.**

## DECISION AND ORDER

Plaintiffs bring this action under 42 U.S.C. §§ 1981 and 1982,[1] alleging defendants Legacy Development Company LLP and John Helding (together, "the insured" or "defendants"), Legacy's managing partner, illegally discriminated against plaintiffs based on race. At all times relevant, Rural Mutual Insurance Company ("Rural Mutual"), an intervenor-defendant in this action, insured defendants. Before me now is Rural Mutual's motion for summary judgment, in which Rural Mutual argues that the relevant insurance policy does not cover the claims asserted in this action, and therefore it has no duty to defend this action on behalf of the insured.

### I. LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[1]Plaintiffs recently moved to amend their complaint to add a § 1982 claim. I have not yet addressed the motion, but for purposes of this decision, I will assume that it has been granted.

judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). I must construe the evidence in the light most favorable to the non-movants and draw all reasonable inferences in their favor. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

The parties agree that the present summary judgment motion is governed by Wisconsin law regarding an insurer's duty to defend. The duty to defend is broader than the duty to indemnify. Newhouse v. Citizens Sec. Mut. Ins. Co., 176 Wis. 2d 824, 834-35 (1993). In assessing whether an insurer has a duty to defend, I compare the allegations within the four corners of the complaint to the terms of the applicable insurance policy. Id. at 835. If a complaint contains allegations that if proven would be covered by the policy, the insurer has a duty to defend. Grube v. Daun, 173 Wis. 2d 30, 72 (Ct. App.1992). The existence of the duty has nothing to do with the merits of the claim. Sch. Dist. of Shorewood v. Wausau Ins. Cos., 170 Wis. 2d 347, 364 (1992). Moreover, "[w]hat is important is not the legal label that the plaintiff attaches to the defendant's (that is, the insured's) conduct, but whether that conduct as alleged in the complaint is at least arguably within one or more of the categories of wrongdoing that the policy covers." Curtis-Universal, Inc. v. Sheboygan E.M.S., Inc., 43 F.3d 1119, 1122 (7th Cir. 1994). I resolve doubt about whether the complaint alleges covered conduct in favor of the insured. Gen. Cas. Co. of Wis. v. Hills, 209 Wis. 2d 167, 176 (1997). If the complaint alleges facts that are partially within and partially outside the scope of coverage, the insurer must defend the entire suit. See Curtis-Universal, 43 F.3d at 1122.

In construing an insurance policy, I apply the same rules of construction applicable to other contracts. Sprangers v. Greatway Ins. Co., 182 Wis. 2d 521, 536 (1994). I seek

2

to ascertain the intent of the parties with respect to coverage. Limpert v. Smith, 56 Wis. 2d 632, 640 (1973). I interpret policy language as would a reasonable person in the insured's position. Gen. Cas. Co. of Wis., 209 Wis. 2d at 175. If the language of the policy is clear and unambiguous, I give the language its plain meaning. Id. If it is ambiguous, I resolve the ambiguity in the insured's favor. Smith v. Atl. Mut. Ins. Co., 155 Wis. 2d 808, 811 (1990). However, I may not rewrite a policy to bind an insurer to a risk it never contemplated and for which it did not receive premiums. City of Edgerton v. Gen. Cas. Co. of Wis., 184 Wis. 2d 750, 780-81 (1994). Whether a contract is ambiguous is a question of law. Golden Valley Supply Co. v. Am. Ins. Co., 195 Wis. 2d 866, 878 (Ct. App. 1995). The insured has the burden of establishing coverage. Just v. Land Reclamation, Ltd., 151 Wis. 2d 593, 605 (Ct. App. 1989), rev'd on other grounds, 155 Wis. 2d 737 (1990). If the insurer relies on an exclusion to deny coverage, it has the burden of establishing that the exclusion applies. Id. Exclusions are narrowly or strictly construed against the insurer and any ambiguities are resolved in favor of coverage. See id.

## II. DISCUSSION

Rural Mutual asserts that the conduct attributed by the complaint to defendants is not within the scope of coverage of the insurance policy, and therefore Rural Mutual has no duty to defend the action on behalf of the insured. Alternatively, Rural Mutual argues that the conduct alleged in the complaint falls within one of the policy's exclusions.

3

### A. Allegations

The allegations in the complaint relate to a written contract between plaintiffs andd defendants, involving a $2.5 million residential real estate development project on land owned by plaintiffs. The bulk of the complaint sets forth the negotiation of the contract, the terms of the contract, and conduct that occurred during performance of the contract. For example, the complaint alleges that defendants required plaintiffs to agree to terms not ordinarily required by other developers, and refused to provide plaintiffs with any details of the development project once it began. The complaint further alleges that defendants improperly used the power of attorney given to them by plaintiffs to secretly transfer title to some of the residential units and to obtain further loans and mortgages on plaintiffs' property without plaintiffs' knowledge and consent. The complaint also alleges that after plaintiffs raised the possibility that defendants were treating them differently because of their race, they retaliated by demanding more money from plaintiffs or title to the unsold units on plaintiffs' property.

The crux of the complaint is that defendants intentionally discriminated against plaintiffs in the making and performance of the contract, and that when plaintiffs raised concerns about racial discrimination, defendants retaliated against plaintiffs. Plaintiffs claim that the defendants' conduct constitutes illegal intentional discrimination in violation of 42 U.S.C. §§ 1981 and 1982; that plaintiffs as a result suffered financial and emotional losses, including emotional distress, humiliation, embarrassment, and mental anguish; and that defendants acted in malicious, willful, wanton and/or reckless disregard of plaintiffs' rights under 42 U.S.C. §§ 1981 and 1982. Plaintiffs seek compensatory, punitive, and statutory damages, as well as other relief allowed by law.

**B. Policy Provisions**

The Commercial General Liability (CGL) policies in effect during the relevant time provide the following coverage:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Wixson Aff. Ex. 2 at 1.) The policy further states that the insurance applies to "bodily injury" or "property damage" only if the injury or damage is caused by an "occurrence," id., which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," id. at 12.[2] Thus, for a suit to trigger a duty to defend, it must allege that there was bodily injury or property damage caused by an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Turning to the policy's definition of an occurrence, an occurrence is an accident, which in turn is an injurious event that occurs by chance. Am. Family Mut. Ins. Co. v. Am. Girl, Inc., 268 Wis. 2d 16, 39 (2004) (citing Webster's Third New Int'l Dictionary of the English Language 11 (2002) and Black's Law Dictionary 15 (7th ed. 1999)). The word accident refers to the injurious event itself, not the resulting injury. Id. (citing Black's Law

---

[2]Defendants do not dispute that the insurance policy coverages for "personal and advertising injury" and "medical payments" do not apply to the present claims, that the policy specifically excludes coverage for any punitive damages award and that there is no property damage. They argue only that the complaint alleges a bodily injury within the scope of the policy. Thus, I will limit my discussion to the coverage provided by the insurance policy for bodily injury (Coverage A).

5

Dictionary at 15). An accident is "characterized by lack of intention." Everson v. Lorenz, 280 Wis. 2d 1, 12 (2005) (quoting Doyle v. Engelke, 219 Wis. 2d 277, 289 (1998)). Where the event involves a "volitional act," it cannot be called an accident. Id. at 15; see also Am. Girl, Inc., 268 Wis. 2d at 43 (quoting Kalchthaler v. Keller Constr. Co., 224 Wis. 2d 387, 395 (Ct. App. 1999) for the proposition that "an accident is an 'event or change occurring without intention or volition through carelessness, unawareness, ignorance, or a combination of causes.'").

### C. Coverage Analysis

In this case, Rural Mutual concedes that, under Wisconsin law, the complaint has alleged bodily injury, in the form of emotional damages and mental anguish. See Doyle, 219 Wis. 2d at 288-89. It contends, however, that the allegations in the complaint fail to allege an "occurrence," and therefore that the claims do not trigger coverage and the duty to defend. I agree. The complaint contains allegations of volitional conduct, including the negotiations of the contract, refusals to perform certain acts, use of the power of attorney to take out loans and transfer title and acts taken against plaintiffs in retaliation for mentioning racial discrimination. I cannot imagine how one could "accidentally" negotiate, refuse to act, take out loans, or retaliate. Moreover, the complaint itself asserts that all of the alleged actions were motivated by an intent to discriminate. Thus, the actions could not be characterized as lacking in intention, since the crux of the complaint is that the insured committed the actions intentionally.

The insured argue that the presence of the phrase "reckless disregard" in the complaint is enough to establish an occurrence, but I find this argument unpersuasive. First, I must look not merely at the legal labels in a complaint but at the factual allegations

6

Case 2:07-cv-00590-LA   Filed 07/03/08   Page 6 of 8   Document 26

themselves. Curtis-Universal, 43 F.3d at 1122. Thus, the presence of the phrase "reckless disregard" alone does not automatically mean that plaintiffs allege an occurrence within the policy. In the present case, the phrase is used in the context of plaintiff's rights under 42 U.S.C. §§ 1981 and 1982 (See, e.g., Proposed Am. Compl. at 10 ("The actions . . . were taken in malicious, willful, wanton and reckless disregard of [plaintiffs'] rights as guaranteed by 42 U.S.C. § 1981.").) However, §§ 1981 and 1982 guarantee only the right to be free from purposeful discrimination. Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 390-91 (1982); Hamilton v. Svatik, 779 F.2d 383, 387 (7th Cir. 1985); Phillips v. Hunter Trails Cmty. Ass'n, 685 F.2d 184, 187 (7th Cir. 1982). Thus, the use of the phrase "reckless disregard" is merely a label that bears no real meaning when considered in the context of the allegations in the complaint.

Further, the insured's reliance on Washington v. Krahn, 440 F. Supp. 2d 911 (E.D. Wis. 2006), in support of their argument is unpersuasive. In Krahn, the complaint stated a claim under a statutory provision that did not require proof of subjective intent. Id. at 914. There, the use of the phrase reckless disregard carried some meaning, because the insured could have been liable for unintentional conduct. See U.S. v. Security Management Co., Inc., 96 F.3d 260, 268 (7th Cir. 1996) ("Under the law of Wisconsin . . . only a single covered claim need be alleged to trigger the duty to defend."). In the present case, however, the complaint alleges only violations of §§ 1981 and 1982, which as noted above require proof of intentional discrimination. Further, the insured do not suggest how the allegations in the complaint could present any risk of liability for unintentional conduct. Cf, id. at 269 (noting that "no showing of subjective intent to discriminate is needed" to prove one of the claims alleged in the complaint, and therefore

7

reading the complaint as "failing to universally allege that Security Management engaged in intentional misconduct"); Curtis-Universal, 43 F.3d at 1125 (finding duty to defend where proof of knowledge or intent was not required for one of the claims alleged in the complaint). Thus, the insured have not carried the burden of establishing coverage in this case.

For these reasons,

**IT IS ORDERED** that Rural Mutual's motion for summary judgment is **GRANTED**.

Dated at Milwaukee, Wisconsin this 3 day of July, 2008.

/s
LYNN ADELMAN
District Judge

8